# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JAMES DALE ARNOLD,          )
)
        Plaintiff,        )
)
     v.              )         No. 4:17-cv-2250-SNLJ
)
ZACHARY JACOBSON, et al.,   )
)
        Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff James Dale Arnold, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $5.89. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his inmate account statement that shows an average monthly balance of $29.43. The Court will therefore assess an initial partial filing fee of $5.89, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se

complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1]  Named as defendants are Zachary Jacobson, Shannon Thompson, Christopher Barton, Steve Oryan, Kevin Snow, Marrin Wright, Cody Brinley, and Brandon Thominilson.  Plaintiff sues all defendants in their official and individual capacities.

For his claim for relief, plaintiff writes:

> On the 12th day in the month of June in the year 2017 I was incarcerated at Washington County Sheriff's Office.  Prior to this I had a severe back injury in the Army.  I am prescribed pain medication to function on a daily basis.  I am also prescribed medication for sinus headaches because of allergies.  Here at the jail I'm in I am denied all of my medication.  There is mold growing on the walls, ceiling, and showers.  I have tried to get my medications and supplies to try and clean the mold but was denied both.  Not having my medication is an unnecessary deprivation to my lifestyle.  I have no access to the law libraries or courts there is people on the floor that have been there for months there is 12-14 people in a 4-man cell.  There is no medical staff here and my condition is deteriorating.

(Docket No. 1 at 5).  He seeks monetary damages in the amount of $500,000.

## Discussion

As pleaded, the complaint fails to state a claim upon which relief can be granted against any of the named defendants.  Plaintiff merely names a group of individuals as defendants without alleging that any of them were personally involved in or directly responsible for violating his constitutional rights.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or

---

[1] Originally, plaintiff did not sign the complaint.  However, he subsequently filed a signature page.

directly responsible for incidents that injured him). The complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is warned that the amended complaint will completely replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts that support his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

the right(s) that defendant violated. Plaintiff's failure to make specific and actionable factual allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff names more than one defendant, he should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name only one defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $5.89. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 14th day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE